IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

HERBERT LEE MARTIN, JR.                                              PETITIONER

V.                          NO: 2:06CV00112 JLH-JFF

LINDA SANDERS, Warden,
Federal Correctional Institution,
Forrest City, Arkansas                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On February 17, 1998, Petitioner plead guilty in the United States District Court for the Eastern District of California to multiple counts of distribution of cocaine base and aiding and abetting. Pursuant to a judgment entered on April 30, 1998, Petitioner

was sentenced to 135 months' imprisonment, to be followed by a supervised release term of sixty (60) months. He is serving his sentence at the Federal Correctional Complex (Low) in Forrest City, Arkansas.

On April 20, 2006, Petitioner filed his § 2241 petition in this Court. As grounds for relief, he alleges that Dr. Dodd, the Drug Abuse Program ("DAP") Coordinator at FCC-Forrest City, wrongfully: (1) removed him from the Residential Drug Abuse Program ("RDAP"); (2) removed the "3621(e) provisional one year sentence reduction"; and (3) disallowed him the opportunity to "retake" the RDAP. Petitioner requests that the Court issue an emergency temporary restraining order prohibiting the "Attorney General" and his representatives from "the continued incarceration of Petitioner" and order that Petitioner be immediately released from custody.

In support of his claims, Petitioner alleges that while incarcerated in California he successfully completed the 500-hour RDAP and the "Aftercare Program" and received the "3621(e) provisional one year sentence reduction" for completing the programs. Petitioner alleges that he was transferred to FCC-Forrest City (Low) in January of 2005 and that he was sent to FPC-Forrest City (CAMP) in July of 2005. On January 1, 2006, a prison supervisor, Lawrence Edmonds, issued an incident report charging Petitioner with fighting with another person. In the report, Edmonds stated that on January 1, 2006, he witnessed Petitioner and another inmate, Jason Turner, fighting with each other in the dining hall. Edmonds stated that he told each inmate to stop and that they stopped for about one minute. Edmonds stated that inmate Turner then began to "go back after" Petitioner and the two men began throwing punches

again. A disciplinary hearing was held on January 6, 2006. At the hearing, Petitioner stated that he was attacked and denied throwing any punches. After the hearing, a discipline hearing officer issued a report finding that Petitioner committed the prohibited act of fighting with another person based in part on the written report of Lawrence Edmonds and evidence that Petitioner and inmate Turner received injuries consistent with being in a fight. Petitioner's punishment included loss of twenty-seven days of good conduct time. Petitioner alleges that the discipline hearing officer's finding is "under direct appeal."

Petitioner alleges that Dr. Dodd alleged that the fighting incident report was a direct violation of the RDAP policy and therefore removed Petitioner from the RDAP on January 10, 2006, and removed the "3621(e) provisional one year sentence reduction." Petitioner alleges that he was to be released to a half-way house on January 11, 2006, pursuant to the "3621(e) provisional one year sentence reduction." Petitioner alleges that he was placed back at FCC-Forrest City (Low) on February 1, 2006, and given a new release date of August 3, 2007, and a new community corrections center placement date of February 3, 2007. He also alleges that he requested to retake the RDAP, but he was not selected to participate in the February 8, 2006, class. He alleges that not being able to participate in the February 2006 class has caused him to "lose yet another 90-120 days of 3621(e) provisional sentence reduction."

In response to Petitioner's § 2241 petition, the Respondent has submitted the Declaration of James D. Crook, the Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in

Oklahoma City, Oklahoma. In his declaration, Mr. Crook states that on January 9, 2006, Petitioner was notified and acknowledged that his prior § 3621(e) early release eligibility had been removed due to his involvement in the fight with another inmate. Mr. Crook states that pursuant to Federal Bureau of Prison Policy Statement 5330.10, which provides that an inmate may be immediately removed from the RDAP without warning if he is found to have been violent or threatened violence against staff or another inmate, Petitioner was removed from the RDAP. To his declaration, Mr. Crook has attached a memorandum dated January 9, 2006, from Dr. J. Dodd, DAP Coordinator, to the Unit Manager, C. Hicks, stating that Petitioner, who provisionally found to be eligible for early release, had failed the RDAP and that based on his failure to complete the RDAP, his "3621(e) status must be removed."

In order to obtain § 2241 relief, a petitioner must allege and demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Overturf v. Massie, 385 F.3d 1276, 1279 (10th Cir. 2004); Palamino v. Fed. Bureau of Prisons, 408 F. Supp. 2d 282, 285 (S.D. Tex. 2005).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Federal Bureau of Prisons ("BOP") *may* reduce, by up to one year, the prison term of an inmate convicted of a nonviolent felony who successfully completes a residential drug abuse treatment program. The RDAP has three phases: (1) a 500-hour unit-based residential phase lasting between six to twelve months, (2) an institution transition phase typically lasting twelve months, and (3) a community-based transition phase lasting up to six months. BOP P.S. 5330.10, Chapter 5, § 5.2.1; 28 C.F.R. §§ 550.56-550.59; Davis-Rice v. Clark, 2005

U.S. Dist. LEXIS 36636 at 4 (N.D. Cal. Dec. 7, 2005). The community based transition phase involves placement in a community corrections center. BOP P.S. 5330.10, Chapter 5, § 5.2.1; Davis-Rice v. Clark, 2005 U.S. Dist. LEXIS 36636 at 4.  In order to successfully complete the RDAP and become eligible for early release pursuant to § 3621(e)(2)(B), an inmate must complete each phase of the program in its entirety. See BOP P.S. 5330.10, Chapter 5, § 5.2.1; BOP P.S. 5330.10, Chapter 6, § 6.1.1; BOP P.S. 5330.10, Chapter 7, §§ 7.1 & 7.3; Davis-Rice v. Clark, 2005 U.S. Dist. LEXIS 36636 at 4-5; Jones v. Warden, 2000 U.S. Dist. LEXIS 22682 at 3 (D. Minn. June 8, 2000) (recommended disposition), *adopted by order of district court*, 2002 U.S. Dist. LEXIS 22320 (D. Minn. Sept. 11, 2000). A drug abuse treatment coordinator may remove a prisoner from the RDAP without warning if a discipline hearing officer, pursuant to an incident report, finds that the prisoner has been "violent or threatened violence against staff or another inmate." 28 C.F.R. § 550.56(d)(2)(ii); BOP P.S. 5330.10, Chapter 5, § 5.4.4(d)(2)(b).

Before accepting an inmate into the RDAP, the drug abuse treatment coordinator must "determine the inmate's eligibility for admittance . . .; determine the inmate's provisional early release eligibility . . .; and notify the inmate of his/her qualification for residential treatment programing and provisional early release status . . . ." BOP P.S. 5330.10, Chapter 6, §§ 6.2.3 & 6.3. "An inmate may lose his or her provisional early release at any time for failure to successfully complete all components of the drug treatment program (including transitional services), or for committing certain prohibited acts." 5330.10, Chapter 6, § 6.5; Galle v. Clark, 346 F. Supp. 2d 1052, 1054

(N.D. Cal. 2004).

The BOP "has broad authority to manage the enrollment of prisoners in drug abuse treatment programs." United States v. Jackson, 70 F.3d 874, 878 (6th Cir. 1995). The BOP has full and broad discretion to determine which prisoners are eligible for the RDAP and which inmates may enter the RDAP. Gibson v. Federal Bureau of Prisons, 2004 U.S. App. LEXIS 27192 at 4 (5th Cir. Dec. 30, 2004); Calderon v. Chavez, 327 F. Supp. 2d 131, 134-35 (D.P.R. 2004); Bagarozy v. Wiley, 1999 U.S. Dist. LEXIS 23084 at 8 (N.D.N.Y. Oct. 26, 1999); Goren v. Apker, 2006 U.S. Dist. LEXIS 22110 at 7 (S.D.N.Y. 2006). The BOP has "substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be." United States v. Lopez-Salas, 266 F.3d 842, 847 (8th Cir. 2001).

"Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to 'due process' protections." Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995) (citing Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)). A prisoner "does not have a liberty interest in participating in the residential drug abuse treatment program and receiving a reduction of his sentence upon successful completion of the program because the Bureau of Prisons has discretionary authority to decide who participates in the program and of those participants, who is eligible for a sentence reduction" pursuant to § 3621(e)(2)(B). Pacheco v. Lappin, 2005 U.S. Dist. LEXIS 5428 at 8 (W.D. Wis. March 30, 2005), *holding affirmed but reversed on other grounds*, 2006 U.S. App. LEXIS 2574 (7th Cir. Jan. 18, 2006). See also Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997), cert. denied, 523 U.S. 1108

(1998) ("[t]he loss of the mere opportunity to be considered for discretionary early release [pursuant to § 3621(e)(2)(B)] is too speculative to constitute a deprivation of a constitutionally protected liberty interest"); Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000) (§ 3621(e)(2)(B) does not create a constitutionally protected liberty interest in early release); Egan v. Hawk, 983 F. Supp. at 864 (§ 3621(e)(2)(B) does not create a liberty interest in early release); Talouzi v. O'Brien, 2006 U.S. Dist. LEXIS 13455 at 8 (E.D. Ky. March 10, 2006) (a prisoner has no liberty interest in early release pursuant to § 3621(e)(2)(B)); Patterson v. Dewalt, 2006 U.S. Dist. LEXIS 34190 at 4 (D. Md. May 26, 2006) (a prisoner has no "protected liberty interest in the discretionary early release for completing the RDAP program"); Green v. Bureau of Prisons, 2002 U.S. Dist. LEXIS 22023 at 5-6 (D. Minn. Nov. 12, 2002) (dismissing claim by prisoner that he was discriminatorily denied his right to participate in the full residential drug abuse treatment program, finding that prisoner had no inherent right or liberty interest in being released early).

  Petitioner initially was given provisional early release status. Prior to Petitioner's completion of all three phases of the RDAP, Dr. Dodd, the DAP Coordinator at FCC-Forrest City, pursuant to BOP Policy Statement 5330.10, removed Petitioner from the RDAP based on the discipline hearing officer's finding that he had committed the prohibited act of fighting with another inmate. In addition, Dr. Dodd removed Petitioner's provisional early release status based on his fighting with another inmate and his failure to complete the RDAP. Dr. Dodd also refused to allow Petitioner to "retake" the RDAP. The Magistrate Judge finds that in removing Petitioner from the

RDAP, removing his provisional early release status, and refusing to allow him to retake the RDAP, Dr. Dodd did not violate the Constitution or laws or treaties of the United States. Petitioner has no liberty or other protected interest in participating in the RDAP. See Pacheco v. Lappin, 2005 U.S. Dist. LEXIS 5428 at 8. While the BOP's initial grant of provisional early release status to Petitioner may have given him a false hope or expectation of early release, it did not give him a liberty or other protected interest in early release. See Staszak v. Romine, 2000 U.S. App. LEXIS 15113 at 2 (8th Cir. June 29, 2000); Ortiz v. Fleming, 2004 U.S. Dist. LEXIS 2977 at 7 (N.D. Tex. Feb. 27, 2004) (recommended disposition), *adopted by order of district court*, 2004 U.S. Dist. LEXIS 7987 (N.D. Tex. May 6, 2004). A prisoner has no liberty or any other protected interest in receiving a sentence reduction pursuant to § 3621(e)(2)(B). See e.g. Pacheco v. Lappin, 2005 U.S. Dist. LEXIS 5428 at 8; Venegas v. Henman, 126 F.3d at 765.

In conclusion, Petitioner has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States, and the Magistrate Judge recommends that Petitioner's claims that Dr. Dodd wrongfully removed him from the RDAP, removed the "3621(e) provisional one year sentence reduction," and disallowed him the opportunity to retake the RDAP be dismissed with prejudice.

Petitioner has filed a motion for release on bond (DE # 2) and a motion for emergency temporary restraining order (DE # 3). The Magistrate Judge recommends that the motions be denied.

THEREFORE, the Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed with prejudice. The Magistrate Judge recommends that

Petitioner's motion for release on bond and a motion for emergency temporary restraining order be denied.

Dated this 10th day of July, 2006.

                                                 /s/ John F. Forster, Jr.
                                    UNITED STATES MAGISTRATE JUDGE